# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| IAN PINCOMBE, | |
| Plaintiff, | Case No. 2:14-cv-01328-RCJ-GWF |
| vs. | **ORDER** |
| CHARLOTTE COLLINS et. al., | Application to Proceed in Forma Pauperis (#1) and Screening of the Complaint |
| Defendant. | |

This matter is before the Court on Ian Pincombe's Application to Proceed *In Forma Pauperis* and Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (#1), filed on August 14, 2014.

## BACKGROUND

Plaintiff alleges in his complaint that Defendants Charlotte Collins and the Corrections Corporation of America have denied him access to the courts by refusing to allow him to print all of his legal documents and reading his correspondence with his attorney. Plaintiff alleges only one cause of action, but it contains numerous allegations of wrongdoing and violated rights. Plaintiff is in federal custody and is awaiting trial in a criminal case.[1] Plaintiff alleges that he is attempting to assist his attorneys by performing legal research at the prison library. He claims that the law librarian, Mrs. Tigrett, has refused to print his legal documents. Mrs. Tigrett allegedly told the Plaintiff that she would not print the documents because it was regarding jurisdiction and the public defender's office said it was not necessary, because jurisdiction is within the attorney's scope of the action. The Plaintiff contends that Mrs. Tigrett had no right to read the documents, since they are privileged, and the research he is doing is necessary for his defense. He alleges that the public defender's office will only file motions or cooperate with his defense if he provides them with case

---

[1] *See United States v. Ian Pincombe*, Case. No. 2:14-cr-00178-JAD-GWF.

law. Plaintiff filed an informal grievance over these actions on June 20, 2014. The Staff, in its July 2, 2014 response, told the Plaintiff that "Per policy 14-8 and *Lewis v. Casey* you do not qualify for assistance. Legal document will not be provided."

Plaintiff filed a formal grievance on July 3, 2014, in which he cited *Gluth v. Kansas* and argued that *Lewis v. Casey* did not support the facility's position. He then requested more than one hour per day of library time, that he be allowed more than three copies of documents and case law, that the facility provide full data on uncensored cases, that the facility provide legal forms and that documents that are printed are not to be taken off site or read. The facility declined all of his requests in its response, again relying on *Lewis v. Casey*. The facility noted, however, that he is free to use the law library, and simply needs to schedule a time.

On August 8, 2014, the Plaintiff took his grievance to the Warden. The Plaintiff claims the Warden promised to resolve the situation and get the Plaintiff his printed materials on August 11, 2014. Plaintiff, as of the filing of this case on August 14, 2014, had not yet received his printed materials. Plaintiff alleges that the actions of the facility constitute a violation of his right of access to the courts and a violation of the attorney-client privilege. Plaintiff asks that he be allowed to print his motions in a timely fashion without them being read, and to be allowed to have three or more copies of motions or legal materials that are critical to his defense.

## DISCUSSION

### I. Application to Proceed In Forma Pauperis

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing the financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed in forma pauperis in federal court is **granted**.

### II. Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is

immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court shall liberally construe a complaint by a pro se litigant. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 2007). This is especially important for civil rights complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, a liberal construction may not be used to supply an essential element of the claim absent from the complaint. *Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) *quoting Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff has brought his action against Defendants pursuant to 42 U.S.C. § 1983. A civil rights action pursuant to § 1983 may only be brought against those acting under color of *state* law. The Corrections Corporation of America ("CCA") operates the detention facility in which Plaintiff is detained under an agreement with the United States Bureau of Prisons, and is therefore considered a federal actor. *Gugliemi v. Federal Bureau of Prisons*, 2013 WL 6844776 (D. Nev. 2013). Federal actors are distinct from state actors, and therefore cannot be sued under § 1983. *Id*. A federal equivalent to a § 1983 suit for damages is a *Bivens* action. *Bivens* allows a prisoner to bring an action for damages against an individual or group that is "acting under the color of federal law." The 9th Circuit has recognized that a private prison are acting "under the color of federal law." *Pollard v. GEO Group, Inc.*, 607 F.3d 583, 588-589 (9th Cir. 2010), *reversed on other*

1  *grounds by Minneci v. Pollard*, 132 S.Ct. 617 (2012). However, this is not an action for damages,
2  which makes *Bivens* inapplicable in this case.
3        With the requisite liberal construction of the complaint, the Court finds that the Plaintiff is
4  seeking an injunction against the detention facility's alleged conduct, practice or policy of reading
5  his legally related mail and refusing to print certain legal documents. Injunctions may be sought
6  against federal actors by those in prison in order to prevent violations of constitutional rights.
7  *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2010). In order for the Plaintiff
8  to obtain an injunction in this case, he must demonstrate that he is likely to succeed on the merits,
9  that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of
10 equities tips in his favor, and that an injunction is in the public interest. Because Plaintiff has not
11 pled these requirements with specificity, the Court will recommend the complaint be dismissed
12 without prejudice to give the Plaintiff an opportunity to amend the complaint. Because there are
13 actionable claims present in the complaint, the Court will still consider the merits of Plaintiff's
14 current pleadings.
15       Plaintiff alleges that the detention facility's conduct in reading the documents he prints, be
16 they legal pleadings such as motions or case law, violates the attorney-client privilege. The
17 conduct of a prison official in reading an inmate's letters to his attorney is an actionable claim, as it
18 can constitute a violation of the Sixth Amendment. *See Nordstrom v. Ryan*, 762 F.3d 903, 910
19 (9th. Cir. 2014). In holding that the plaintiff had alleged an actionable claim under the Sixth
20 Amendment, the court stated:

21 > We emphasize that nothing prevents the ADC from *inspecting* an
22 > inmate's outgoing mail, in his presence, to make sure that it does not
23 > contain, for example, a map of the prison yard, the time of guards'
24 > shift changes, escape plans, or contraband. What the Constitution
25 > does *not* permit, however, is *reading* outgoing attorney-client
26 > correspondence.

25 *Nordstrom*, 762 F.3d at 910-911 (emphasis original).
26       Plaintiff's complaint is unclear as to exactly what was read by the detention facility
27 officials. Plaintiff alleges that "[t]he facility's policy on printing motions violates my due process
28 and access to the Court. Every motion I need printed has to be approved by upper level

management which inherently means that my motions are being read and analyzed in direct violation of due process and attorney-client privilege." *Complaint (#1), pg. 3*. The Court finds that this allegation sufficiently alleges a violation of Plaintiff's Sixth Amendment rights.

Plaintiff also claims that the prison is refusing to print his motions is a violation of his right of access to the Courts. Plaintiff cites *Gluth v. Kangas*, 951 F.2d 1504 (9th Cir. 1991) as the basis for his claim. In *Gluth*, prisoners challenged the prison's policies in regard to the use of the law library. *Gluth*, 951 F.2d at 1509. The court held that "[i]t is the state's burden to provide meaningful access [to the law library] and to demonstrate that its chosen method is adequate." *Id.* Plaintiff alleges that the Defendants have violated this right by interfering with his use of the library and his ability to print documents.

Prisoners do not cede their right of access to the courts upon incarceration. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). The Supreme Court has found this right to be "fundamental" and that it "requires prison authorities to assist inmates in the preparation and filing of the meaningful legal papers." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). However, there is not "an abstract, freestanding right to a law library or legal assistance" while incarcerated. *Lewis*, 518 U.S. at 351. The Court in *Bounds* "encourage[d] local experimentation" when it came to providing legal assistance. 430 U.S. at 832. It is possible for prisons to eliminate libraries entirely and still be in compliance with *Bounds*, so long as there is an alternative form of legal assistance available. *Lewis*, 518 U.S. at 352. In pleading an injury to the his right of access to the Courts, the plaintiff must show an "actual injury" in order to have standing to bring the claim. *Id*. at 349. "Actual injury" means "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a claim." *Id*.

Under *Lewis*, Plaintiff has not alleged any harm that would constitute "actual injury." Plaintiff's most serious allegation in regard to his right of access to the courts is that he does not have the right to print more than two copies of documents, or, in some cases, any copies of the documents. There is no allegation that he cannot have access to the documents, or conduct the research, or take notes that he may wish to send to counsel. Plaintiff has not alleged that he is barred from any form of legal assistance, or that he is unable to communicate with counsel.

Plaintiff may be able to cure, through amendment of his complaint, the pleading defects regarding his claim that Defendants have violated his right of access to the courts by refusing his request for copies of legal documents. The Court will partially dismiss Plaintiff's complaint, with leave to amend.

In the event Plaintiff elects to proceed in this matter by filing an amended complaint, he is informed that the Court cannot refer to a prior pleading to make his amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (#1) is **granted**. Plaintiff shall not be required to pay an initial partial filing fee. However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (#1-1).

**IT IS FURTHER ORDERED** that the portion of Plaintiff's Complaint (#1-1) which alleges that Defendants have violated his right of access to the courts is **dismissed**, without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days from the date of this order to file an amended complaint. If Plaintiff does not file an amended complaint, this action

. . .

. . .

. . .

1  shall proceed on his claim for violation of his Sixth Amendment rights based on the Defendants'
2  alleged conduct in reading legal documents prepared by him for his counsel.
3      DATED this 6th day of November, 2014.

                                                                      _____
                                                                      GEORGE FOLEY, JR.
                                                                      United States Magistrate Judge